UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY F. CLANTON,

       Plaintiff,                                          Hon. Robert Holmes Bell

v.                                                        Case No. 1:14-cv-1039

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on <u>Plaintiff's Application for Attorneys' Fees Under the the Equal Access to Justice Act</u>. (ECF No. 29). Plaintiff's counsel seeks $7,328.50 in fees, as detailed in her application. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that the application be **granted in part and denied in part**.

Pursuant to the Equal Access to Justice Act (EAJA), the prevailing party in an action seeking judicial review of a decision of the Commissioner of Social Security may apply for an award of fees and costs. *See* 28 U.S.C. § 2412(d)(1)(A). While a prevailing party is not entitled, as a matter of course, to attorney fees under the EAJA, *see United States v. 0.376 Acres of Land*, 838 F.2d 819, 825 (6th Cir. 1988), fees and costs are to be awarded unless the Court finds that the Commissioner's position was "substantially justified" or that "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Defendant has not asserted that her position was substantially justified.

On January 6, 2016, the Honorable Robert Holmes Bell entered an opinion and judgment vacating and reversing the Commissioner's decision for further consideration pursuant to sentence four

of 42 U.S.C. § 405(g). Plaintiff's counsel now moves the Court for an award of attorneys' fees and costs pursuant to the EAJA. In her application, counsel seeks an award of $7,328.50. Specifically, counsel seeks to recover $6,842.50 in attorneys' fees (39.1 hours multiplied by an hourly rate of $175.00) and $486.00 in paralegal services (4.86 hours multiplied by an hourly rate of $100). The Court finds that Plaintiff is entitled to receive fees at the increased hourly rate of $175. *See Johnson v. Commissioner of Social Security*, 2015 WL 5944186 at *1-3 (W.D. Mich., Oct. 13, 2015); *Martin v. Commissioner of Social Security*, 2015 WL 3513770 at *2 (W.D. Mich., June 4, 2015). Defendant does not object to the number of hours and the Court finds them reasonable.

Counsel seeks payment for paralegal services in this matter at an hourly rate of $100. While such may be an appropriate amount in the Chicago area, such is greater than the hourly rate of $75 this Court has approved in previous matters. While not dispositive, the Court notes that this hourly rate is not inconsistent with that found to be reasonable by other courts. *See, e.g., Trim v. Astrue*, 2012 WL 1340671 at *2 n.1 (W.D.N.C., April 18, 2012) (finding that "a rate of $65.00 per hour is reasonable and in keeping with the prevailing market rates for paralegals in this District"); *Teeter v. Commissioner of Social Security*, 2013 WL 5279102 at *7 (N.D. Ohio, Sept. 18, 2013) (rejecting a request to compensate paralegal services at a rate of $50 per hour). Accordingly, the Court concludes that an appropriate and reasonable hourly rate for the paralegal services rendered in this matter is $75.

In sum, the Court finds that counsel and her staff reasonably expended 43.96 hours in this matter (39.1 hours by attorneys and 4.86 hours by paralegals). Accordingly, the undersigned recommends that EAJA fees be awarded in the amount of $7,207.00 (39.1 hours multiplied by $175 added to 4.86 hours multiplied by $75). However, in light of the Supreme Court's decision in *Astrue v. Ratliff*, 560 U.S. 586 (2010), the undersigned further recommends that any judgment or order entered

for EAJA fees be entered in Plaintiff's favor.  *Id.* at 591-93; *see also*, 28 U.S.C. § 2412(d)(1)(A) (the EAJA awards fees "to a prevailing party").

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act</u>, (ECF No. 29), be **granted in part and denied in part** and Plaintiff be awarded seven thousand, two hundred, seven dollars ($7,207.00) pursuant to the Equal Access to Justice Act.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                Respectfully submitted,

Date:  October 25, 2016                                 /s/ Ellen S. Carmody
                                                                ELLEN S. CARMODY
                                                                United States Magistrate Judge